# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ELIZABETH A. SWINDELL, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-09-312-FHS-SPS |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

The claimant Elizabeth Ann Swindell requests review of the Commissioner of the Social Security Administration's denial of benefits pursuant to 42 U.S.C. § 405(g). She appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining she was not disabled. As discussed below, the undersigned Magistrate Judge RECOMMENDS that the Commissioner's decision be REVERSED and the case REMANDED for further proceedings.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations

implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of the evidence must take into account whatever in the record fairly detracts

---

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity (RFC) to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on December 20, 1948 and was fifty-nine years old at the time of the administrative hearing (Tr. 134). She has a GED (Tr. 28) and has worked as a floral delivery driver, an assembly worker, and a floral salesperson (Tr. 17, 118). The claimant alleges inability to work since November 2, 2006 because of her pacemaker, heart attacks, low blood pressure, anxiety attacks, and fainting spells (Tr. 117).

## Procedural History

On January 12, 2007, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. Both applications were denied. An administrative hearing was held, and ALJ Jeffrey S. Wolfe found that claimant was not disabled in an opinion dated February 27, 2009. The Appeals Council denied review, so the ALJ's opinion represents the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation, finding the claimant had the residual functional capacity ("RFC") to perform a full range of medium work as defined in 20 C.F.R. 404.1567(c), *i. e.*, she could lift 50 pounds occasionally and 25 pounds frequently, stand/walk/sit for 6 hours in an 8 hour workday, and push and pull

50 pounds occasionally and 25 pounds frequently (Tr. 13). The ALJ concluded that the claimant was not disabled because she could return to her past relevant work (Tr. 17).

**Review**

The claimant contends that the ALJ erred: (i) by failing to properly analyze the opinions of Dion Dahlke, M.Ed., a certified functional evaluator and physical therapist; (ii) by failing to recognize all of her severe impairments; and, (iii) by failing to properly assess her RFC. The undersigned Magistrate Judge finds that the ALJ failed to properly consider "other source" evidence from Mr. Dahlke, and the decision of the Commissioner should therefore be reversed and the case remanded for further consideration by the ALJ.

The claimant submitted a medical source statement prepared by Mr. Dahlke after the administrative hearing at the request of her attorney (Tr. 512-527). Mr. Dahlke opined, *inter alia*, that the claimant had a number of limitations that in effect limited her to sedentary work. The ALJ rejected Mr. Dahlke's opinion out-of-hand, noting that he was not an acceptable medical source under 20 C.F.R. § 404.1513(a) or an appropriate "other source" under 20 C.F.R. § 404.1513(d). The undersigned Magistrate Judge finds, however, that Mr. Dahlke was in fact an appropriate "other source" under 20 C.F.R. §§ 404.1513(d), 416.913(d), and that the ALJ therefore should have analyzed his opinions in accordance with 20 C.F.R. §§ 404.1527, 416.927. *See* Soc. Sec. Rul. 09-03p ("Although the factors in 20 CFR 404.1527(d) and 416.927(d) explicitly apply only to the evaluation of medical opinions from 'acceptable medical sources,' these same factors can be applied to opinion evidence from 'other sources.' These factors represent basic principles that

apply to the consideration of all opinions from medical sources who are not 'acceptable medical sources' as well as from 'other sources[.]'").

The ALJ reasoned that Mr. Dahlke was not an appropriate "other source" because "functional evaluators are not among the 'other sources' enumerated" (Tr. 16), referring presumably to 20 C.F.R. § 404.1513(d)(1). Such reasoning was fallacious, however, as Section 404.1513(d) expressly provides that its listing of "other sources" *is not* intended to be exclusive (indeed, the regulation contains the language "[o]ther sources include, but are not limited to—"). Thus, although functional evaluators *are not* among the "other sources" enumerated in Section 404.1513(d), this is no bar to treating such professionals as "other sources" under the regulation, which provides, *inter alia*, that teachers, day care workers, family and friends are all appropriate "other sources." *See* 20 C.F.R. §§ 404.1513(d)(2)-(4), 416.913(d)(2)-(4).

The ALJ asks (perhaps rhetorically, although he answers the question himself), "does an individual who is not a recognized 'acceptable medical source' under governing regulations 'trump' already extant evidence and opinion?" (Tr. 16). The answer clearly may be "yes" under certain circumstances, *see, e. g., Frantz v. Astrue*, 509 F.3d 1299, 1302 (10th Cir. 2007) ("[D]epending on the particular facts in a case, and after applying the factors for weighing opinion evidence, an opinion from a medical source who is not an 'acceptable medical source' may outweigh the opinion of an 'acceptable medical source,' including the medical opinion of a treating source."), *quoting* Soc. Sec. Rul. 06-03p, so it is obviously important to properly analyze such "other source" information in

accordance the Commissioner's interpretation of his own regulations. *See* Soc. Sec. Rul. 06-03p ("For opinions from [other] sources such as . . . non-medical professionals, it would be appropriate to consider such factors as the nature and extent of the relationship between the source and the individual, the source's qualifications, the source's area of specialty or expertise, the degree to which the source presents relevant evidence to support his or her opinion, whether the opinion is consistent with other evidence, and any other factors that tend to support or refute the opinion."). The ALJ simply failed to do this here, and such failure was reversible error. *See, e. g., Carpenter v. Astrue,* 537 F.3d 1264, 1267-68 (10th Cir. 2008) ("Although a chiropractor is not an 'acceptable medical source' for diagnosing an impairment under the regulations, the agency has made clear that the opinion of such an 'other source' is relevant to the questions of severity and functionality. The ALJ was not entitled to disregard the 'serious problems' set out in Dr. Ungerland's opinion simply because he is a chiropractor.").

The Commissioner offers a cogent analysis of evidence the ALJ could have cited in support of his rejection of Mr. Dahlke's opinions. This what the ALJ himself should have done while discussing the factors enumerated in 20 C.F.R. §§ 404.1527, 416.927. The Court cannot, however, supply the missing analysis for the ALJ. *See, e. g., Robinson v. Barnhart,* 366 F.3d 1078, 1084 (10th Cir. 2004) ("[T]he magistrate judge erred in upholding the Commissioner's decisions by supplying possible reasons for giving less weight to or rejecting the treating physician's opinion. The ALJ's decision should have been evaluated based solely on the reasons stated in the decision."), *citing Burlington*

*Truck Lines, Inc. v. United States,* 371 U.S. 156, 168-169 (1962). *See also Allen v. Barnhart,* 357 F.3d 1140, 1142 (10th Cir. 2004) ("Affirming this *post hoc* effort to salvage the ALJ's decision would require us to overstep our institutional role and usurp essential functions committed in the first instance to the administrative process.").

Because the ALJ failed to properly evaluate the "other source" opinion of Dion Dahlke, M.Ed., the decision of the Commissioner should be reversed and the case remanded to the ALJ for further analysis. If such analysis results in any modifications to the claimant's RFC, the ALJ should then re-determine what work the claimant can perform, if any, and ultimately whether she is disabled

## Conclusion

As set forth above, the undersigned Magistrate Judge PROPOSES a finding that correct legal standards were not applied by the ALJ and the decision of the Commissioner is therefore not supported by substantial evidence. The undersigned Magistrate Judge accordingly hereby RECOMMENDS that the Commissioner's decision be REVERSED and the case REMANDED for further proceedings. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b)(2).

**DATED** this 15th day of September, 2010.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**